UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEFANO MARKELL PARKER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-602 |
| FACEBOOK, ET AL. | * | SECTION "H" (2) |

**REPORT AND RECOMMENDATION**

On March 8, 2024, Stefano Markell Parker filed a deficient *pro se* complaint against defendants Facebook and Meta under the Anti-Terrorism Act based on an encounter with an unknown man in Mexicali, Mexico involving Parker's Facebook profile, which complaint was not accompanied by either a proper application to proceed *in forma pauperis* or a payment of the $405 filing fee. ECF Nos. 1-2. The Clerk of Court thereafter mailed Parker a Notice of Deficient *Pro Se* Complaint instructing Parker to cure the deficiency on or before April 1, 2024. On April 8, 2024, the Deficiency Notice was returned to the Clerk's Office with an indication on the envelope that Parker refused to accept legal mail.[1]

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[2] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[3] Because plaintiff is proceeding *pro se*, it is apparent that this court

---

[1] *See* ECF No. 4 at 2 (envelope containing deficiency notice marked "Return to Sender, Inmate Refused Legal Mail").
[2] *Hulsey v. St. of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas Cnty. Dep. Sher. Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[3] *Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).

must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[4]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[5]

Parker's refusal to accept legal mail and failure to either pay the filing fee or file a proper *in forma pauperis* application has delayed the court's ability to efficiently manage his case.  The delay is caused by and attributable to Parker himself, justifying the dismissal of his claims within the complaint for failure to prosecute.[6]

In a final effort to provide Parker with an opportunity to show cause why his claims should not be dismissed, I issue these Findings and Recommendation to the presiding United States District Judge.  Parker is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report.  It is suggested to Parker that any objection should contain a short summary of the reasons why he failed to comply with the court's Deficiency Notice.  Parker is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Parker is further advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

---

[4] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris Cnty. Sher.'s Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[5] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[6] *See Torns v. St. of Miss. Dep't of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgmt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Stefano Markell Parker's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this 10th day of April, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).